# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN SCHLUETER,
          Plaintiff,

v.                                                                           Case No. 11-C-0127

EDWARD C. LATEK and
LATEK CAPITAL CORP.,
          Defendants.

## DECISION AND ORDER

John Schlueter filed this action for restitution against Edward C. Latek and Latek Capital Corp. I have subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Before me now is the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

The facts stated in this opinion are drawn from the parties' stipulated facts. In March 2008, Schlueter entered into a contract with Latek Capital in which Latek agreed to help Schlueter find either an equity investor or a purchaser for his company, Karl's Rental Center, Inc. (and related entities which we can ignore). Initially, Latek negotiated a sale of Karl's assets to another company, Horizon Partners Ltd. However, the parties later decided to restructure the deal, and the transaction that actually closed involved a sale of Karl's stock to a new corporate entity controlled by Horizon. As compensation for Latek's services in facilitating this transaction, Schlueter paid Latek a fee of $758,675.

1

As far as the record reveals, Schlueter was entirely satisfied with Latek's services and voluntarily paid the fee. However, after paying the fee, Schlueter commenced this action for restitution, alleging that because neither Latek Capital nor Mr. Latek held a real estate broker's license under Chapter 452 of the Wisconsin Statutes, they are required to forfeit the fee. Although Schlueter also alleges that the defendants breached various statutory and common-law duties to Schlueter in the course of providing brokerage services, he does not identify any specific acts or omissions that caused him harm.

Latek and Latek Capital move to dismiss the complaint on four grounds: (1) Schlueter has no cause of action against Latek personally because Schlueter contracted with Latek Capital only; (2) Chapter 452 does not apply to stock sales of a business, and therefore the defendants were not required to be licensed as real estate brokers; (3) even if they were required to be licensed, Schlueter is not entitled to restitution of the fee voluntarily paid; and (4) Schlueter has not pleaded plausible causes of action for breach of duty. As discussed below, I conclude that Schlueter would not be entitled to restitution even if Latek and Latek Capital were required to be licensed under Chapter 452. Therefore, I need not determine whether Chapter 452 required them to be licensed or whether Latek is personally liable for restitution of the fee. I also conclude that Schlueter has failed to state a claim for breach of duty.

## II. DISCUSSION

Chapter 452 of the Wisconsin Statutes regulates the practice of real estate in Wisconsin. A provision of that chapter provides that no person may act as a broker without a license. Wis. Stat. § 452.03 (2009-10). The definition of "broker," however, is not limited to those who sell real estate. It includes persons involved in the sale of "a business or its

2

goodwill, inventory, or fixtures, whether or not the business includes real property." Wis. Stat. § 452.01(2)(h). Schlueter contends that in facilitating the sale of Karl's to Horizon, Latek acted as a broker within the meaning of Chapter 452 and therefore was required to have a license. As noted, Latek disputes that he acted as a broker within the meaning of Chapter 452, but for purposes of this motion I will assume that he did.

Chapter 452 prohibits unlicensed brokers from using the Wisconsin courts to collect their fee:

> **Limitation on actions for commissions.** No person engaged in the business or acting in the capacity of a broker . . . within this state may bring or maintain an action in the courts of this state for the collection of a commission or compensation for the performance of any act mentioned in this chapter without alleging and proving that he or she was a duly licensed broker . . . at the time the alleged cause of action arose.

Wis. Stat. § 452.20. Thus, if Latek acted as a broker and Schlueter refused to pay his fee, Latek could not use the courts to obtain payment. However, Chapter 452 contains no provision giving a client of an unlicensed broker the right to recover a fee voluntarily paid. Thus, although Schlueter may have been able to use Chapter 452 to avoid paying Latek's fee, it does not follow that Schlueter has a claim for recovery of the fee he did pay.

Schlueter acknowledges that Chapter 452 gives him no cause of action for recovery of the fee, but he contends that because the fee was paid pursuant to an "illegal" contract, he is entitled to restitution as a matter of Wisconsin common law. Schlueter cites Hitpold v. T-Shirts Plus, Inc., which in turn relies on General Split Corp. v. P&V Atlas Corp., for the proposition that "a party not in pari delicto may have restitution of benefits conferred under an illegal contract." General Split, 91 Wis. 2d 119, 125 (1979); Hitpold, 98 Wis. 2d 711, 717 (Ct. App. 1980). However, a close look at how the Wisconsin courts have applied this

3

principle reveals that Schlueter is not entitled to restitution.[1]

To begin with, it should be emphasized that Schlueter benefitted from Latek's brokerage services and, as far as the record reveals, was entirely satisfied with Latek's work and voluntarily paid the fee.[2] Thus, in seeking restitution, Schlueter is trying to obtain a windfall at Latek's expense. However, courts are normally not in the business of creating an inequitable situation where one does not already exist. Fausnight v. Perkins, 994 So. 2d 912, 921 (Ala. 2008). True, courts will sometimes refuse to award compensation to one otherwise entitled to recover it on the ground that the court will not assist a party in obtaining the fruits of an illegal act. See Evans v. Cameron, 121 Wis. 2d 421, 426-27 (1985); Venisek v. Draski, 35 Wis. 2d 38, 50-51 (1967). In that situation, "[t]he plaintiff must be punished, even though it be at the expense of allowing the defendant, an equally guilty party, to obtain most unjust and unfair advantage for himself." Clemens v. Clemens, 28 Wis. 637, 654 (1871). But as Judge Cardozo emphasized in a frequently quoted passage, this does not mean that courts will go one step farther and take away money that the defendant has earned: "The law may at times refuse to aid a wrongdoer in getting that which good conscience permits him to receive; it will not for that reason aid another in taking away from him that which good conscience entitles him to retain." Schank v. Schuchman, 212 N.Y. 352, 359 (1912). Thus, absent some compelling policy reason, the

---

[1] In resolving this diversity case in which Wisconsin substantive law applies, I must either follow the precedents of the Wisconsin Supreme Court or, if that court has not ruled on a specific issue, predict how that court would rule on it. See, e.g., Thomas v. H&R Block Eastern Enters., Inc., 630 F.3d 659, 663 (7th Cir. 2011).

[2] As discussed below, although Schlueter brings claims for breach of duty, these claims are conclusory and do not describe any way in which Latek harmed Schlueter.

4

court will not order restitution of benefits conferred under an illegal contract when to do so would be to create an inequitable situation. See Remsen Partners, Ltd. v. Stephen A. Goldberg Co., 755 A.2d 412, 416 (D.C. 2000). Instead, the general rule is that "a court will not aid either party to an illegal agreement, whether executory or executed, but leaves the parties where it finds them." Venisek, 35 Wis. 2d at 50 (emphasis added).

The principle on which Schlueter relies – that a party not in pari delicto may obtain restitution when the contract is illegal – is an exception to this general rule. See id. Obviously, its application turns on whether the plaintiff is in pari delicto. In the present case, Schlueter asserts that he is not in pari delicto, but the case law does not support his assertion. In Kempf v. School District of Fredonia, 6 Wis. 2d 95 (1959), the court considered a case in which a school district hired an unlicensed architect. The school district paid only a portion of the fee owed to the architect under the contract, and the architect sued to collect the rest. The school district defended by pointing out that because the plaintiff was unlicensed the contract was illegal, see Wis. Stat. § 101.31 (1955), and therefore unenforceable. The school district also argued that it was entitled to recover the portion of the fee it had already paid. The court held that the architect could not recover the unpaid portion of his fee. However, it also held that to the extent the contract was illegal, the school district was in pari delicto and therefore was not entitled to recover the portion of the fee already paid.[3] Id. at 99. This result was not based on any finding of

---

[3]Actually the court said "particeps criminis" rather than "in pari delicto," but these phrases are similar – the former meaning "an accomplice or accessory" and the latter meaning "equally at fault." See Black's Law Dictionary (7th ed. 1999). The court's reference to leaving the parties where it finds them makes clear that it was using "particeps criminis" as a synonym for "in pari delicto."

misconduct by the school district and did not turn on the school district's knowledge of either the fact that the architect was unlicensed or the law requiring architects to be licensed. Rather, it was enough that the school district was a party to the contract.

The present case is no different than Kempf, except that Schlueter paid Latek's fee in full and the statute under consideration involves brokers rather than architects. These differences are immaterial, however, and thus it follows that Schlueter is in pari delicto with Latek. The court will leave the parties where it found them.[4]

Although Kempf is dispositive, I also note that there is no compelling policy reason to grant Schlueter a right to restitution under the present circumstances. If the State of Wisconsin had thought that public policy required an unlicensed broker to forfeit his fee regardless of whether he had already collected it, it could have explicitly granted the client a right to restitution of any portion of the fee already paid. Since Chapter 452 contains no such right, I infer that Wisconsin prefers to leave the parties where it finds them. Accord Fausnight, 994 So. 2d at 921. Moreover, since Chapter 452 makes it illegal to act as a broker without a license, see Wis. Stat. § 452.17, the court need not create an additional remedy to deter unlicensed brokering. Whether or not the unlicensed broker is able to collect his fee, he will be subject to criminal penalties.

The remaining issue is whether Schlueter has stated a claim for breach of duty. The duties mentioned in the complaint are duties imposed on brokers by Chapter 452 and the

---

[4] Hitpold or General Split are consistent with this result. Hitpold found that a grantor of an illegal franchise was in pari delicto and therefore not entitled to restitution of benefits conferred on the franchisee during the course of the franchise. 98 Wis. 2d at 716. General Split implies that when one party to an illegal contract takes advantage of the other party's ignorance of the contract's illegality, the other party is not in pari delicto. 91 Wis. 2d at 125.

common-law duty of loyalty owed by agents to their principals.  However, the complaint contains absolutely no facts that identify how any acts or omissions by Latek harmed Schlueter.  Again, as far as the record reveals, Schlueter was entirely satisfied with Latek's services.  Thus, the complaint does not contain enough information to render Schlueter's breach of duty claims plausible, and for this reason they will be dismissed.  See EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (post-Twombly, a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'").

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motion to dismiss the complaint is **GRANTED**.  Because it does not appear that the complaint could be amended to state a viable claim, the Clerk of Court is directed to enter a final judgment dismissing this case on the merits.

Dated at Milwaukee, Wisconsin, this 3rd day of November 2011.

s/_____
LYNN ADELMAN
District Judge